UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| IRA S. BRUCE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:26-CV-00002 RHH |
| | ) |
| AMANDA BLISSETT, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER OF TRANSFER**

Petitioner, who is presently incarcerated at Moberly Correctional Center (MECC) in Randolph County, Missouri, filed a signed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court will transfer this case to the United States District Court for the Western District of Missouri.

In July of 2018, petitioner was charged with assault in the first degree in the Circuit Court of Polk County, Missouri. *State v. Bruce,* No. 18PO-CR00454 (30th Jud. Cir., Polk County Court). After a guilty verdict in a jury trial held in September of 2021, petitioner was sentenced on December 20, 2021, to ten years in the Missouri Department of Corrections. *State v. Bruce,* No. 18PO-CR00454-01 (30th Jud. Cir., Polk County Court). This is the judgment petitioner challenges in his § 2254 action currently before the Court.

Polk County is in the Western District of Missouri, Southern Division. 28 U.S.C. § 105(b)(5). MECC, where petitioner is currently incarcerated, is in the Eastern District of Missouri. 28 U.S.C. § 105(a)(1). Pursuant to 28 U.S.C. § 2241(d), the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In circumstances such as this, the district court in which the petition was originally filed may, in the exercise of its discretion and in the furtherance of justice, transfer the case to the other district for

hearing and determination. *Id.* In addition, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's constitutional claims are based upon a conviction entered in a circuit court located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the Western District of Missouri would be more convenient for witnesses. In addition, the Court entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court*, January 27, 1986.  As such, the Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that petitioner's motions for counsel and to proceed in forma pauperis [ECF Nos. 2 and 4] are held in abeyance for review by the United States District Court for the Western District of Missouri.

Dated this 9th  day of January, 2026.

                                                      HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE